UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOUIS REED, JR.,

    Plaintiff,

v.                                                        Case No. 3:18cv191-MCR-CJK

GEO GROUP, et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). On January 30, 2018, the court ordered plaintiff to file a completed motion to proceed *in forma pauperis* or pay the $400 filing fee within 30 days. (Doc. 3). Instead of complying with the order, plaintiff filed a document titled "Motion to Vacate the Order Dated January 30, 2018, in Case Number 3:18cv191-MCR Because this Instant Case Should Remain as Actually Civil Case Number 3:17cv126/RV/EMT Case Being Refiled Pursuant to this Court's Order on File Without Prejudice Dated on June 20th, 2017." (Doc. 4). Because this case involves identical allegations to N.D. Fla. Case No. 3:17cv126-RV-EMT—a case dismissed without prejudice as malicious due to plaintiff's failure

to accurately describe his litigation history—plaintiff objected to being assessed a second $400 filing fee.

On March 14, 2018, the court denied the motion and ordered plaintiff to show cause within 14 days why this case should not be dismissed due to his failure to pay the $400 filing fee or submit a motion to proceed *in forma pauperis*. (Doc. 5). Because plaintiff did not respond to the show cause order within the allotted time, the undersigned entered a report on April 3, 2018, recommending that this case be dismissed without prejudice. (Doc. 6). On April 5, 2018, the court received a motion to proceed *in forma pauperis*. (Doc. 7). The April 3 Report and Recommendation, therefore, will be vacated.

After reviewing the complaint and plaintiff's litigation history, however, the undersigned concludes this case must be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Case No. 3:18cv191-MCR-CJK

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates a lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The court takes judicial notice of two federal civil actions and one appeal previously filed by plaintiff, while incarcerated, which were dismissed as malicious and/or frivolous. *See Reed v. Geo Group, Inc.*, Appeal No. 17-13360 (11th Cir. Dec. 12, 2017) (denying motion to proceed *in forma pauperis* and dismissing appeal as frivolous); *Reed v. Geo Group, Inc.*, Case No. 3:17cv126-RV-EMT (N.D. Fla. July 18, 2017) (case dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Reed v. State of Florida Legislature*, Case No. 8:90cv519-UA (M.D. Fla. Oct. 12, 1990)[1] (case dismissed as frivolous).[2]

---

[1] The website of the Sheriff of Polk County, Florida, confirms plaintiff was incarcerated when he filed M.D. Fla. Case No. 8:90cv519-UA on April 30, 1990. *See* http://www.polksheriff.org/inq/Pages/Jail.aspx (last visited Apr. 9, 2018).

[2] The dismissal of Case No. 3:17cv126-RV-EMT by the trial court, and the dismissal of the appeal from that case by the Eleventh Circuit, each count as a separate strike. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The complaint alleges officials at Blackwater River Correctional Facility: (1) failed to properly treat a left wrist injury plaintiff suffered in May 2017; and (2) allowed plaintiff to be exposed to environmental tobacco smoke. Plaintiff, however, is no longer incarcerated at Blackwater River Correctional Facility; he is currently incarcerated at Jefferson Correctional Institution, and was when he filed the complaint in this case. (Doc. 1, p. 1, 17). As plaintiff's allegations concern events and individuals at a prior place of confinement, the complaint does not demonstrate plaintiff is under imminent danger of serious physical injury. Even without regard to his present state of confinement, the allegations do not show imminent danger. Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

---

count as strikes."), *overruled on other grounds by Coleman v. Tollefson*, — U.S. —, 135 S. Ct. 1759, 1763, 191 L. Ed. 2d 803 (2015); *see also Burnett v. Allbaugh*, — F. App'x —, 2017 WL 5157540 (10th Cir. Nov. 7, 2017) (affirming district court's dismissal of complaint and imposition of a strike and assessing another strike for taking a frivolous appeal). In addition, the dismissal of M.D. Fla. Case No. 8:90cv519-UA counts as a strike despite predating the passage of the PLRA. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) ("[Section] 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to the effective date of the PLRA.") (citation omitted).

Case No. 3:18cv191-MCR-CJK

Accordingly, it is ORDERED:

1. The April 3, 2018, Report and Recommendation (doc. 6) is VACATED.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of April, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.